J-A16020-23
J-A16021-23

2023 PA Super 244

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STUART HARRISON :
:
Appellant : No. 519 MDA 2022

Appeal from the Order Entered November 1, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007632-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
STUART HARRISON : No. 520 MDA 2022

Appeal from the Order Entered November 1, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007632-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

CONCURRING OPINION BY McCAFFERY, J.: **FILED: NOVEMBER 28, 2023**

I join the Majority's well-reasoned opinion, but write separately to

emphasize the necessity for judicial review and strict scrutiny at the critical

inflection point when the Commonwealth has already determined that criminal

charges are warranted, but subsequently, seeks a *nolle prosequi*, relying only

upon the simple explanation of "prosecutorial discretion" based on evidentiary

insufficiency as the stated basis therefor.

I recognize that currently, there are calls in this country for prosecutorial reform. In our own Commonwealth, there have been significant changes taken by some district attorney's offices in their approach to handling criminal matters — some reform has been beneficial while other reformative actions have given me substantial pause. It is my observation that we have reached the point where a rather significant number of cases are being filed, presented to the trial court, and then withdrawn without a full inquiry by the trial court because the courts are affording great deference to the prosecution's discretionary powers.

At this juncture, I would like to point out that like the Commonwealth, courts are also charged with protecting the public. Indeed, citizens look to the courts to ensure fair proceedings are held and their rights are secure.[1] The Majority eloquently points out that a trial court is not merely a placeholder in these proceedings and is responsible for ensuring that justice is carried out pursuant to the Pennsylvania Rules of Criminal Procedure. However, I believe the Majority's analysis stops short of providing any direction to trial courts for future occurrences which is necessary as this type of request is capable of repetition.

To that end, I suggest that when faced with a prosecutor who has filed a motion for *nolle prosequi*, a reviewing court should be required to conduct

---

[1] ***Illinois v. Allen***, 397 U.S. 337, 346 (1970) ("As guardians of the public welfare, our state . . . judicial systems strive to administer equal justice to the rich and the poor, the good and the bad, the native and foreign born of every race, nationality, and religion.").

an on-the-record colloquy in order to discharge its responsibility and ensure that the judicial process is not being abused or utilized for pretextual or improper reasons. This colloquy would require the prosecution to explain precisely what facts or circumstances changed leading up to its decision to seek a *nolle pros* and why the decision is being made. It is only after a full inquiry is completed that a trial court can fulfill its responsibility of ensuring the prosecution's decision is proper.

Thus, I respectfully concur.

President Judge Panella joins this concurring opinion.